IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-31-BO

| | |
|---|---|
| MICHAEL TYLER, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WELLS FARGO BANK, N.A. and BANK ) | |
| OF AMERICA, N.A., ) | |
| ) | |
| Appellees. ) | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This cause comes before the Court on Michael Tyler's *pro se* appeal of an order of the United States Bankruptcy Court for the Eastern District of North Carolina entered January 18, 2018. [DE 1-1]. The appeal has been fully briefed and is ripe for review. For the reasons that follow, the decision of the bankruptcy court is affirmed.

BACKGROUND

On July 12, 2004, appellant Tyler obtained a mortgage from Guaranty Residential Lending in the principal amount of $169,432.00 which was secured by a deed of trust in favor of Guaranty Lending on real property known as Lot 40 of the Arbor Green Subdivision in Wake, County, North Carolina. *See* [DE 8-1] Cmpl. Ex B. On May 25, 2017, a special proceeding to foreclose on the deed of trust was commenced in Wake County Superior Court. *Id*. Ex. F. On January 31, 2017, Tyler filed a Chapter 7 proceeding in the bankruptcy court and on October 16, 2017, filed an adversary proceeding, the dismissal of which is the subject of this appeal. *See* [DE 1-1].

The adversary proceeding complaint sought to prohibit a foreclosure on the deed of trust and extinguish any lien on the real property, as well as recover monetary damages. Cmpl. ¶¶ 58-64. The complaint specifically alleges causes of action for trespass on the case, trespass quare clausum fregit; action of trover; action of covenant; and a request for declaratory judgment. Following a hearing held on January 9, 2018, the bankruptcy court dismissed the adversary complaint for failure to state a claim pursuant to Fed. R. Bank. P. 7012(b)(6).

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007). Legal conclusions made by the bankruptcy court are reviewed *de novo*. *In re White*, 487 F.3d at 204. Mixed questions of law and fact are also reviewed *de novo*. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003).

## DISCUSSION

At the outset, for good cause shown, the Court GRANTS to motion to supplement the record on appeal pursuant to Fed. R. Bankr. P. 8009(e)(2)(c). [DE 17]. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *see also* Fed R. Bankr. P. 7012(b) (applying Fed. R. Civ. P. 12(b)-(i) to bankruptcy proceedings). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

2

(2007). Facial plausibility means that the facts as pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In his appellant brief, Tyler primarily assigns as error the bankruptcy court's order granting the appellees relief from the automatic stay in the underlying Chapter 7 proceeding. *See In re: Tyler*, No. 5:17-03733-5-SWH (Bankr. E.D.N.C.); *Tyler v. Wells Fargo Bank, NA*, No. 5:17-CV-551-BO (E.D.N.C.). That issue is not before the Court in this appeal. In regard to the bankruptcy court's dismissal of the adversary proceeding, Tyler argues that the bankruptcy court erred in concluding that, because the automatic stay had been lifted in the Chapter 7 proceeding, it was the law of the case that Wells Fargo was the holder of Tyler's note, and that the adversary proceeding should therefore be dismissed.

The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *decision supplemented*, 466 U.S. 144 (1984). As the bankruptcy court recognized, where relief from the automatic stay imposed by the Chapter 7 proceeding was necessarily premised on a finding that Wells Fargo is the holder of Tyler's note and had a right to foreclose the deed of trust, Tyler's adversary proceeding could not provide a forum to re-litigate that issue as it had already been decided in the underlying Chapter 7 proceeding. Moreover, having considered the claims raised by appellant in his adversary proceeding complaint *de novo*, the Court finds that dismissal for failure to state a claim is appropriate.

3

Tyler's adversary proceeding claims are based on his arguments that the appellees do not have a verified claim or evidence of any ownership of the loan that is the subject of the foreclosure proceeding; that appellees do not have an actual assignment of the note and deed of trust executed by the original lender; and that any claim that the appellees may have should be offset by the insurance that was collected from the primary mortgage insurance (PMI) policy appellant paid.

North Carolina law provides that a note secured by a deed of trust which is endorsed in blank is enforceable by the party in possession. N.C. Gen. Stat. § 25-3-205(b). North Carolina General Statute § 47-17.2 further provides that, in order to effect a valid assignment of a note and deed of trust or mortgage, it is not necessary to record a written assignment in the Office of the Register of Deeds. *See also Greene v. Tr. Servs. of Carolina, LLC*, 244 N.C. App. 583, 593 (2016). The right to enforce a deed of trust follows the note, and no formal assignment is required. *In re Robinson*, 2011 WL 5854905, at *3. The adversary proceeding complaint admits that Wells Fargo has possession of the note, and a copy of the note is attached to the complaint. *See* Cmpl. ¶ 2, Ex. B.

As to Tyler's arguments that appellees were required to present the original note on his request, Tyler does not have an absolute right to demand that appellees produce the original note in order to establish that they are the note holders, and a bare statement that an entity is not the holder of a note is insufficient to create an issue of fact. *F.D.I.C. v. Cashion*, 720 F.3d 169, 174-75 (4th Cir. 2013). To the extent that Tyler has alleged that notice of the assignment of his mortgage was not provided to him as required by 15 U.S.C. § 1641(g), such requirement only applies to transfers or assignments of mortgage loans after May 20, 2009, and Tyler does not allege that the mortgage was transferred after this date. *See Rivera v. Recontrust Co.*, No. 2:11-CV-01695-KJD, 2012 WL 2190710, at *4 (D. Nev. June 14, 2012) ("A plaintiff alleging a violation of 15 USC § 1641(g) must plead both a transaction that would give rise to Defendants' obligation to

notify under 1641(g), and a failure on the part of the Defendants to notify."); *see also Hopson v. Chase Home Fin. LLC*, 14 F. Supp. 3d 774, 785 (S.D. Miss. 2014).

Tyler's arguments requesting an offset due to the alleged payment of PMI fail to state a claim, as PMI is distinct from any obligations under the note. *See, e.g., Fed. Nat'l Mortg. Ass'n v. Daniels*, 517 S.W.3d 706, 716 (Tenn. Ct. App. 2015); *see also In re Ward*, 583 B.R. 558, 568 (Bankr. S.D. Ga. 2018) (construing similar 'action of covenant' claim seeking offset of PMI payments against amount due on the mortgage as a claim for breach of contract and dismissing for failure to state a claim). Tyler's arguments arising from the alleged separation of the note from the deed of trust also fail. *Mullis v. First Charter Bank*, No. 5:12-CV-00090-RLV, 2013 WL 3899888, at *3 (W.D.N.C. July 29, 2013).

At bottom, Tyler's arguments that appellees' attempts to foreclose against the subject property are void ab initio, due to any of the alleged infirmities described by plaintiff in his adversary complaint, fail to state a claim upon which relief can be granted. The adversary proceeding was properly dismissed both on the law of the case theory and the independent grounds identified by the bankruptcy court. The decision of the bankruptcy court is therefore AFFIRMED.

## CONCLUSION

For the foregoing reasons, the motion to supplement the record [DE 17] is GRANTED and decision of the bankruptcy court is AFFIRMED.

SO ORDERED, this 12 day of October, 2018.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE